IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| **VANESSA PACHECO** *et al.* | |
| Plaintiffs, | |
| v. | Case No. GLS 24-2284 |
| **BAYWOOD HOTELS, INC.** *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO APPOINT COUNSEL**

On November 22, 2024, Plaintiffs filed the Amended Complaint, in which they alleged that the Defendants, including Defendant Jonathan Rodriguez Ibarra ("Mr. Rodriguez Ibarra" or "Defendant Rodriguez Ibarra") violated: the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*; the Maryland Wage and Hour Law, Md. Code. Ann., Lab. & Empl. §§ 3-401, *et seq.*; the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.*; and the Maryland Workplace Fraud Act, Md. Code Ann., Lab. & Empl. §§ 3-901, *et seq. See* ECF No. 21.[1] According to the Amended Complaint, Defendant Rodriguez Ibarra is jointly and severally liable to Plaintiffs for violating the aforementioned statutes, either as an employer or joint employer, as those terms are understood under the law. *See, e.g.*, ECF No. 21, ¶¶ 5-13, 17-20, 30, 32.

Pending before the Court is a letter from Mr. Rodriguez Ibarra, in which he asks the Court to appoint counsel to represent him in this case. *See* ECF No. 39. The Court will

---

[1] On January 16, 2025, Plaintiffs filed an affidavit establishing service of the summons and the Amended Complaint upon Mr. Rodriguez Ibarra. *See* ECF No. 26.

exercise its discretion and treat Defendant Rodriguez Ibarra's letter as a motion (hereinafter "the Motion").

In a civil case filed in federal court, the appointment of counsel of a *pro se* defendant is governed by statute. Specifically, a "court may request an attorney to represent any person unable to afford counsel." *See* 28 U.S.C. § 1915(e)(1); *see also id.* § 1915(a)(1). However, the law also makes clear that "unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel." *S.E.C. v. Bennett, et al.*, Civ. No. PX 17-2453, 2017 WL 4421037, at *1 (D. Md. Sept. 27, 2021) (quoting *S.E.C. v. Penn*, Civ. No. VEC 14-0581, 2017 WL 5508779, at *1 (S.D.N.Y. Jan. 24, 2017); *see also Turner v. Rogers*, 564 U.S. 431, 441 (2011); *Geter v. Taharra*, 419 F. App'x 265, 266 (4th Cir. 2011) (no right to counsel in a civil case).

In addition, even though a court retains the discretion to decide whether to appoint *pro bono* counsel in a civil case, a court "cannot appoint counsel or make funds available; it can only 'request that an attorney volunteer to represent a litigant.'" *Bennett*, 2017 WL 4421037, at *1 (quoting *Penn, supra*, 2017 WL 5508779, at *1) (further citation omitted); *see also* 28 U.S.C. § 1915(e)(1) ("court **may request** an attorney. . . (emphasis added)).

From the aforementioned caselaw, then, comes the following principles. First, that "in civil actions, the appointment of counsel should be allowed only in exceptional circumstances." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Second, to determine whether "exceptional circumstances" exist, a court must first analyze the characteristics of the litigant and the "characteristics of the claim [advanced against the litigant]." *Rollakanti v. Holy Cross Hosp.*, Civ. No. PX 16-2914, 2017 WL 4457771, at *1 (D. Md. Feb. 6, 2017). When analyzing the characteristics of the litigant, a court is to consider the litigant's

"financial ability to retain an attorney, and the efforts of the [litigant] to retain counsel." *Scott v. Health Net Fed. Servs., LLC*, 463 F. App'x 206, 209 (4th Cir. 2012).

In the Motion, Defendant Ibarra Rodriguez states "Since I became aware of the lawsuit, I have tried to hire an attorney to represent me. I cannot afford to hire a private attorney." *See* ECF No. 39. The Court must deny the Motion. Mr. Rodriguez Ibarra fails to provide any evidence, like an affidavit or a declaration, regarding his financial status and inability to pay for a lawyer. Relatedly, Mr. Rodriguez Ibarra has not filed a motion to proceed *in forma pauperis*, which is required under 28 U.S.C. § 1915 in order to be considered for appointment of counsel. *Bennett*, 2017 WL 4421037, at *2.

Accordingly, it is this 19th day of March 2025, hereby **ORDERED** that the Motion, ECF No. 39, is **DENIED**.

The Clerk of the Court is further directed to mail a copy of this Memorandum Opinion and Order to Mr. Rodriguez Ibarra.

/s/
The Honorable Gina L. Simms
United States Magistrate Judge