## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## (SOUTHERN DIVISION)

| | | |
|---|---|---|
| VANESSA PACHECO, ET AL., | * | |
| Plaintiffs | * | |
| v. | * | Civil Case No. 8:24-cv-02284-GLS |
| BAYWOOD HOTELS, INC., ET AL. | * | |
| Defendants. | * | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This is a dispute over unpaid wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, and Maryland state law. Pending before the Court is a Joint Motion for Approval of Settlement of the dispute between the parties pursuant to 29 U.S.C. § 216. ECF No. 83. For the reasons discussed below, the Joint Motion for Approval of the Settlement shall be granted. Upon the parties' request, the case shall be stayed for forty-two days.

## BACKGROUND

According to the Complaint and the parties' Joint Motion for Approval of Settlement, Defendants Baywood Hotels, Inc. ("Baywood"), Arundel Mills Hospitality, LLC ("Arundel Mills"), Columbia Hospitality, Inc. ("Columbia"), Elmwood Hospitality, LLC ("Elmwood"), Lakeland Suites, LLC ("Lakeland"), Red Wolf Holdings, LLC ("Red Wolf"), Westshore Hospitality, LLC ("Westshore"), and UMD Lodging, LLC ("UMD Lodging") (collectively referred to as "the Baywood Defendants") hired Plaintiffs Vanessa Pacheco and Claudia Lara (hereinafter "Plaintiffs") to perform the duties of construction workers finishing hotels. ECF No. 1, at 2. Plaintiffs worked for the Baywood Defendants from January 17, 2022, to June 8, 2024.

1

*Id.* Plaintiffs allege that during their period of employment, they routinely worked more than forty hours per week and did not receive an overtime premium for their overtime hours. *Id.* The Baywood Defendants, in turn, deny Plaintiffs' version of events. ECF No. 83, at 2. They counter that the Baywood Defendants never employed Plaintiffs and that Plaintiffs were, instead, independent contractors or were employed exclusively by Defendant Rodriguez (hereinafter "Mr. Rodriguez"). *Id.* As such, the Baywood Defendants argue that they are not liable for any violations of the law that Plaintiffs allege. *Id.* The Baywood Defendants also dispute that Plaintiffs worked the hours they claim and assert that they had a good faith basis for their position. *Id.*

Plaintiffs initiated this suit on August 7, 2024. ECF No. 1. Their Complaint alleges that the Baywood Defendants violated the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201–216(b); the Maryland Wage and Hour Law (MWHL), Md. Code Ann., Lab. & Empl. §§ 3-413, 3-420; and the Maryland Wage Payment Collection Law (MWPCL), Md. Code Ann., Lab. & Empl. §§ 3-501– 3-507.2, by failing to pay Plaintiffs an overtime premium for each hour they worked beyond forty hours per week. ECF No.1, at 1-2. As relief, Plaintiffs seek their unpaid and withheld wages, an equal amount as liquidated damages, and their attorneys' fees and costs. ECF No. 1, at 9.

On October 15, 2025, the undersigned held a settlement conference with the parties during which they reached a resolution of Plaintiffs' claims, including their FLSA claims, and additional claims pending in the Howard County Office of Human Rights. ECF No. 83, at 2-3. Defendants have agreed to pay each Plaintiff a sum of $41,500. *Id.* at 1. Of this amount, $11,250 is allocated to settling each Plaintiff's claim for unpaid overtime wages and liquidated damages, and the remaining amount is to resolve Plaintiffs' claims against the Baywood Defendants currently pending with the Howard County Office of Human Rights. *Id.* Plaintiffs' counsel – Melehy &

Associates LLC ("M&A") – will separately receive the sum of $70,000 to resolve Plaintiffs' demands for attorneys' fees and costs in both matters.  *Id.*

STANDARD OF REVIEW

When evaluating settlement agreements for approval under the FLSA, courts must ensure that a settlement "reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Saman v. LBDP, Inc.*, No. DKC 12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In making such a determination, district courts in the Fourth Circuit typically "employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*," which holds that a "FLSA settlement generally should be approved if it reflects 'a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions.'"  *Id*. at *3 (quoting *Lynn's Food Stores*, 679 F.2d at 1355).  As part of this assessment, courts must evaluate: (1) whether there are FLSA issues actually in dispute; (2) whether the settlement is fair and reasonable in light of the relevant factors; and (3) whether the attorneys' fees, if included in the agreement, are reasonable.  *Id*. at *3 (citing *Lane v. Ko-Me, LLC*, No. 10-2261, 2011 WL 3880427, at *2-3 (D. Md. Aug. 31, 2011); *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. AJT-08-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)).

DISCUSSION

The parties have asked the Court to approve their proposed Settlement Agreement.  The Court finds that approval is proper, as the Settlement Agreement reflects a fair and reasonable resolution of a *bona fide* dispute between the parties.

**A.  There is a *Bona Fide* Dispute Between the Parties.**

To determine "whether a *bona fide* dispute exists as to a defendant's liability under the FLSA," the Court should "examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Duprey v. Scotts Co.*, 30 F. Supp. 3d 404, 408 (D. Md. May 23, 2014) (citing Lomascolo, 2009 WL 3094955, at *16–17). "Disagreements over rates of pay and hours worked can constitute *bona fide* disputes over a defendant's liability." *Fernandez v. Washington Hosp. Servs., LLC*, No. 8:23-cv-839-AAQ, 2023 WL 4627422, at *2 (D. Md. July 19, 2023); *see Duprey*, 30 F. Supp. 3d at 408 (finding a *bona fide* dispute where the "parties disagree[d] about Duprey's rate of pay and hours worked"); *Galizia v. Ricos Enters., Inc.*, No. DKC-21-2592, 2022 WL 374511, at *2 (D. Md. Feb. 8, 2022) (finding a *bona fide* dispute where defendants contested the number of hours plaintiffs worked); *Tomeh v. Veriphyr, Inc.*, No. 8.21-cv-0214-AAQ, 2022 WL 1422897, at *2 (D. Md. May 5, 2022) (finding a *bona fide* dispute where plaintiff alleged he was an employee under the FLSA and defendant countered that plaintiff worked as an independent contractor not covered by the statute); *Beam v. Dillon's Bus Serv., Inc.*, No. DKC 14-3838, 2015 WL 4065036, at *3 (D. Md. July 1, 2015) (finding a *bona fide* dispute where defendant denied it could be liable as a joint employer).

In their Joint Motion, the parties state that the proposed settlement resolves a *bona fide* dispute because Defendants and Plaintiffs disagree regarding: (1) the number of hours Plaintiffs worked; (2) whether the Baywood Defendants directly employed Plaintiffs and their supervisor; and (3) whether the Baywood Defendants exercised sufficient control over the Plaintiffs or their conditions of employment rendering them liable as a joint employer. ECF No. 83, at 4-5. Moreover, the Baywood Defendants have invoked the FLSA's good faith defense, arguing that any potential violation of the FLSA was based on a reasonable belief that Plaintiffs' pay was consistent

with the FLSA's requirements.  ECF No. 83, at 5.  This Court has held that these issues are *bona fide* disputes.  Accordingly, a *bona fide* dispute exists between the parties under the FLSA.

**B.  The Settlement Agreement is Fair and Reasonable.**

In assessing whether a settlement is fair and reasonable, the Court should evaluate the following six factors:

> (1) [T]he extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of . . . counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Saman*, 2013 WL 2949047, at *3 (second omission in original) (quoting *Lomascolo*, 2009 WL 3094955, at *10).

The first factor asks courts to consider the extent to which discovery has taken place.  When looking at this factor, courts assess whether the parties have "had adequate time to conduct sufficient discovery to 'fairly evaluate the liability and financial aspects of [the] case.'" *Lomascolo*, 2009 WL 3094955, at *11 (alteration in original) (quoting *A.H. Robins Co. v. Aetna Cas. & Sur. Co. (In re A.H. Robins Co.)*, 88 B.R. 755, 760 (E.D. Va. July 26, 1988)).

The parties represent that they participated in and substantially completed written discovery.  ECF No. 83, at 5.  Discovery began in September 2024 and lasted for nearly 11 months. *Id.* at 2.  During that time, Plaintiffs served written discovery directed to the Baywood Defendants, and propounded subpoenas to two banks seeking to obtain copies of their payroll records.  *Id.* When calculating damages, Plaintiffs had access to some of their time records and payroll records, and the parties state it is unlikely that additional discovery would have uncovered the missing records.  *Id.* at 5.  In addition, during Plaintiffs' period of employment, they participated in a

WhatsApp group chat with Mr. Rodriguez and other construction workers. *Id.* at 6. This chat contained information about Plaintiffs' work schedule, which aided in calculating Plaintiffs' alleged damages. *Id.* While the parties did not conduct depositions, by avoiding parts of formal discovery, "resources that otherwise would have been consumed by the litigation [can be] made available for settlement, and the risk and uncertainties for both parties [can be] reduced." *Duprey*, 30 F. Supp. 3d at 409. As such, the first factor weighs in favor of approving the Settlement Agreement.

The second factor looks to the current stage of the proceedings. Settlements can be found to be fair where proceeding further would be difficult and costly, and the parties would prefer to end proceedings before significant investment in litigation. *See, e.g.*, *Black v. Reviera Enters., Inc.*, No.: DLB-19-201, 2020 WL 6544820, at *2 (D. Md. Nov. 6, 2020) (holding that a settlement agreement was fair and reasonable where parties recognized remaining discovery would require significant investment of time, effort, and financial resources); *Saman*, 2013 WL 2949047, at *4 (finding that the parties' representation that they chose to settle "to avoid the costs of formal discovery, dispositive motions, and a possible trial" supported a finding that the settlement agreement was fair and reasonable). Here, Plaintiffs compromised and accepted less than the maximum possible estimated amount they could recover, reflecting the risk associated with proceeding to trial and proving the number of uncompensated hours worked. ECF No. 83, at 6. The compromise also reflects the possibility that Defendants may have prevailed on one or more of their defenses, as well as the burden and expense of prolonged litigation. *Id.* Given the parties' joint preference to terminate proceedings early rather than bear the risk of proceeding to trial, this factor weighs in favor of approving the Settlement Agreement.

The third factor assesses whether there has been fraud or collusion in the formation of the settlement.  There are no facts before the Court that suggest either, allowing the "presumption that no fraud or collusion occurred between counsel[.]"  *Lomascolo*, 2009 WL 3094955, at *12. Accordingly, this factor weighs in favor of approving the Settlement Agreement.

Under the fourth factor, courts look to the experience of counsel.  Generally, where counsel is well-versed in the underlying law, courts presume that clients have been appropriately advised on the merits and challenges associated with settlement.  *See Hackett v. ADF Rest. Invs.*, 259 F. Supp. 3d 360, 366 (D. Md. Dec. 19, 2016) (finding a fair and reasonable settlement where counsel had litigated numerous lawsuits involving wage and hour violations).  Here, Plaintiff is represented by Omar Vincent Melehy, Suivta Melehy, and Andrew G. Balashov of Melehy & Associates.  ECF No. 1, at 10; ECF No. 83, at 8.  Mr. Melehy and the other Melehy & Associates professionals who worked on this case have significant experience litigating wage and hour cases on behalf of plaintiffs before this Court.  ECF No. 83, at 9-10.  Accordingly, the Court is satisfied that Plaintiffs' counsel is sufficiently experienced in litigating similar matters, and this factor weighs in favor of approving the Settlement Agreement.

The fifth factor incorporates the opinions of counsel.  Counsel's opinion that the expense and potential duration of litigation weighs in favor of early settlement lends credence to a proposed settlement agreement.  *See Castro v. Early Learning Language Acads., LLC*, No. CBD-18-2421, 2021 WL 915106, at *4 (D. Md. Mar. 9, 2021).  In their Joint Motion, both counsel aver that the settlement is fair and reasonable given "uncertainty of the availability of actual and liquidated damages under FLSA."  ECF No. 83, at 7.  While "counsel's opinion and recommendation as to the fairness and reasonableness of a settlement is not to be blindly followed," *Saman*, 2013 WL 2949047, at *5 (quoting *Lomascolo*, 2009 WL 3094955, at *12), their representations in this case

weigh in favor of approving the Settlement Agreement. For the same reason, the sixth factor—the probability of Plaintiffs' success and the relationship between the amount of the settlement and the potential recovery—weighs in favor of approving the Settlement Agreement.

Upon consideration of the relevant factors, the Court finds the Settlement Agreement to be fair and reasonable.

### C. The Settlement Agreement Awards Reasonable Attorneys' Fees.

The Settlement Agreement must also contain reasonable provisions for allocating attorneys' fees and costs. *Duprey*, 30 F. Supp. 3d at 411. Here, the parties have decided upon an award of $70,000 in attorneys' fees and costs. ECF No. 83, at 8.

"In assessing the reasonableness of the fee, courts typically refer to the principles of the traditional lodestar method as a guide[.]" *Hackett*, 259 F. Supp. 3d at 367. The lodestar approach multiplies "the number of hours reasonably expended . . . by a reasonable hourly rate" to achieve "an objective basis on which to make an initial estimate of the value of a lawyer's services." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Under the lodestar approach, an hourly rate "is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey*, 30 F. Supp. 3d at 412 (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)). This Court maintains guidelines regarding appropriate hourly rates in Appendix B to its Local Rules. D. Md. Local R. App. B(3).

Of the total settlement amount for attorneys' fees and costs, $51,000 is allocated to the fees and costs in this case and $19,000 is awarded in connection with the matters pending before the Howard County Office of Human Rights. ECF No. 83, at 8. The Settlement Agreement provides for $49,212.98 in attorneys' fees in this matter, $1,787.02 in costs. *Id.* Plaintiffs' counsel calculated their fee request by first determining their lodestar amount of $63,960.50 and then, as

part of the settlement compromise, reducing that figure by $14,747.52 as an exercise of billing judgement.  *Id.*

According to the Joint Motion, Plaintiffs' counsel spent 155.5 hours working on this case: 110.2 hours from the firm's attorneys and 45.3 hours from paralegals and paraprofessionals.  *Id.* Plaintiffs' counsel has documented their time spent on this case and provided the Court with an itemized list of work hours along with a description for each entry explaining how the time was spent.  ECF No. 83-2.  In their Joint Motion, the parties assert, and the Court agrees, this total number of hours is reasonable given Plaintiffs' counsel's work researching and drafting the Complaint, calculating damages, meeting with opposing counsel, conducting and responding to discovery, and negotiating and drafting the Settlement Agreement.  ECF No. 83, at 9.  Regarding hourly rates, Plaintiffs' counsel charged as follows: Mr. Omar Vincent Melehy charged an hourly rate of $695; Ms. Suvita Melehy charged an hourly rate of $645; Mr. Andrew Balashov charged an hourly rate of $465; Mr. Alexandre Todorov charged an hourly rate of $400; and Ms. Michaela Keegan charged an hourly rate of $300.[1]  *Id.* at 8.  Plaintiffs' counsel also charged an hourly rate of $245 for their paralegals and law clerks.  *Id.*

These hourly rates are higher than the presumptively reasonable rates outlined in Appendix B to the Local Rules.  D. Md. Local R. App. B(3).  However, this Court has found these rates to be reasonable in FLSA settlements when all parties have agreed to them.  *See, e.g.*, *Jose Ramos v. Digit. Prosthodontics, LLC, et al.*, No. 8:25-2052-CDA, 2025 WL 3523116, at *5 (D. Md. Dec. 8, 2025).  Plaintiffs' counsel also negotiated a reduction in their lodestar, thereby lowering the attorneys' fee request from $63,960.50 to $49,212.98 and narrowing the discrepancy between the

---

[1] It is not clear from the Motion whether Michaela Keegan is an attorney or a paralegal.  ECF No. 83, at 8.  Given her small number of hours compared to the number of hours worked as a whole, her singular work does not provide a basis to deny the Motion.

guidelines and the requested rates.  ECF No. 83, at 8.  Accordingly, the Settlement Agreement awards reasonable attorneys' fees and costs.

## CONCLUSION

For the reasons stated above, the Joint Motion for Approval of Settlement, ECF No. 83, shall be granted and the Court shall stay this matter for a period of forty-two days to allow Defendants time to make the settlement payments due under the Agreement.

So ordered.

Date:   December 15, 2025                          _____/s/_____
                                                                        Ajmel A. Quereshi
                                                                        United States Magistrate Judge